UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN GODINEZ MALDONADO,

        Plaintiff,

  vs.

Deputy JENNIFER CLAMON, et al.,

        Defendants.

No. C 10-1629 PJH (PR)

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

    This is a civil rights case filed pro se by a prisoner at the San Mateo County Jail. He contends that he was the victim of excessive force and that defendants failed to provide medical care. In the complaint he says that he has not exhausted the grievance procedure in jail, and that the reason he did not exhaust is that he was released on bail twenty-four hours after the assault.

## DISCUSSION

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741

(2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

Plaintiff here concedes nonexhaustion, so this case properly could be dismissed for failure to exhaust. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). He gives as a reason for not exhausting that he was released, but the complaint was filed from the San Mateo County Jail, and he does not explain why having been released would prevent him from filing a grievance.

Plaintiff will be afforded an opportunity to explain why this case should not be dismissed for failure to exhaust. One way of doing so would be to show that the jail grievance regulations do not allow filing a grievance after release, by providing either a copy of the grievance regulations showing that or quoting, under oath, from the grievance regulations. Since he apparently is back in the San Mateo County Jail, he should be able to do that. But his response is not limited to that; he may present any basis he has for avoiding the exhaustion requirement.

## CONCLUSION

Plaintiff shall show cause why this case should not be dismissed for failure to exhaust. The case will be dismissed if he does not respond or if he is unable to establish that exhaustion is not required within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 7, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\MALDONADO1629.OSC-P.wpd